# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CHARLES E. SHAW,** ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 12-20044-CM-01 <br> 15-9591-CM |

## MEMORANDUM AND ORDER

This case is before the court on defendant Charles E. Shaw's Motion to Appoint Counsel (Doc. 122). The court previously appointed counsel (Ryan Hudson) in this case to represent defendant in his § 2255 petition. (Doc. 97.) Appointment was for the purpose of assisting defendant in litigating his claims under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court then stayed briefing in the case, to await rulings in *Beckles v. United States* (Doc. 105), *Stokeling v. United States* (Doc. 116), and eventually *United States v. Ash* (Doc. 119). On June 5, 2019, the court allowed Mr. Hudson to withdraw and ordered defendant to file any pro se supplement to his habeas motion based on *Ash* by July 5, 2019. Instead of filing a supplement, defendant asked again for appointed counsel.

The court denies defendant's request to appoint counsel again in this case. Beyond the direct appeal of a conviction, there is no constitutional right to counsel. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). Unless an evidentiary hearing is required, the court has discretion whether to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B). At this time, defendant's filings indicate that he is capable of effectively articulating his claims. If the court ultimately determines that an evidentiary hearing on defendant's § 2255 petition is necessary, then the court may reconsider its

-1-

decision to deny appointment of counsel.  For now, however, defendant's motion is denied without prejudice.

In light of this ruling, defendant is granted one final extension to supplement his pending § 2255 petition based on the Tenth Circuit's ruling in *United States v. Ash*, 917 F.3d 1238, 1239 (10th Cir. 2019).  Defendant may file an *Ash*-based supplement on or before November 4, 2019.  After that time, court will consider defendant's § 2255 motion ripe for ruling.  Defendant's original motion was filed in November 2015.  Between January 2016 and May of 2016, the case was delayed while the Federal Public Defender's Office investigated the potential claims and conflicts, and the court appointed Mr. Hudson for defendant.  The case was then further delayed for the various stays identified above from roughly August 2016 through June 2019.  Despite the valid reasons for delay in resolving defendant's habeas petition, the court wants to ensure that defendant receives a timely answer to his requests for relief.  No further extensions to file a supplement will be granted.

**IT IS THEREFORE ORDERED** that defendant Charles E. Shaw's Motion to Appoint Counsel (Doc. 122) is denied without prejudice.

Dated this 7th day of October, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**