IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                Plaintiff, )
)
v. )   Case No. 12-20044-JWL
)
CHARLES E. SHAW, )
)
                Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court[1] on defendant Charles Shaw's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 85). For the reasons set forth below, the petition is **denied**.[2] This matter also comes before the Court on defendant's successive petition for relief under Section 2255 (Doc. # 124). For the reasons set forth below, that petition is **dismissed for lack of jurisdiction**. Finally, the Court **denies** defendant's most recent motion for appointment of counsel (Doc. # 125).

---

[1] On February 21, 2020, this case was reassigned to the undersigned judge.

[2] Because the petition and records of this case show conclusively that defendant is not entitled to relief, the Court need not conduct a hearing. *See* 28 U.S.C. § 2255(b).

I.   **Background**

In November 2012, a jury convicted defendant of robbing a bank and two credit unions, attempting to commit another robbery, and committing four related firearms offenses. In February 2013, defendant was sentenced to a term of imprisonment of 1,140 months, consisting of five concurrent sentences of 240 months and three consecutive 25-year terms. The convictions and sentence were affirmed on appeal, and on November 10, 2014, the Supreme Court denied defendant's certiorari petition. *See United States v. Shaw*, 758 F.3d 1187 (10th Cir.), *cert. denied*, 574 U.S. 1002 (2014).

In November 2015, defendant timely filed a *pro se* petition for relief under Section 2255, in which he raised five grounds for relief. In the fifth ground, defendant sought relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In 2016, the Court appointed counsel for defendant to litigate issues relating to the *Johnson* decision, and counsel clarified those issues for the Court. The case was stayed over the next few years to allow the Supreme Court and the Tenth Circuit to address the various *Johnson*-related issues. In June 2019, defendant's appointed counsel was granted leave to withdraw, on the basis that the subsequent rulings had shown that the asserted *Johnson* issues lacked merit and would be abandoned.[3] In that order, the Court granted defendant leave to supplement his petition to continue to assert any of the *Johnson* issues in light of the Tenth Circuit's ruling in *United States v. Ash*, 917 F.3d 1238 (10th Cir. 2019), *pet. for cert. filed* (June 12, 2019).

---

[3] It does not appear that the motion filed by appointed counsel to clarify *Johnson*-related issues and for a briefing schedule (Doc. # 99) was formally ruled. That motion is denied as moot.

2

Defendant instead filed a motion for appointment of counsel, but the Court denied the motion without prejudice to the reconsideration of the motion if an evidentiary hearing were deemed necessary. The Court also gave defendant one last extension for filing a supplement to his petition. Defendant did not file a supplement addressing issues related to *Johnson* or *Ash*, however. On October 8, 2019, defendant instead filed a new petition under Section 2255, in which he asserts a new ground for relief. Defendant also filed another motion for appointment of counsel, seeking assistance with his newly-asserted claim. The Government filed a response to both pending petitions, and defendant filed a reply brief. The petitions are now ripe for ruling.

## II. <u>Original Petition for Relief Under Section 2255</u>

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). Defendant claims that his trial and appellate counsel offered ineffective assistance in various ways, in violation of his constitutional rights. "To establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

As noted, defendant's appointed counsel conceded that the *Johnson*-related issues that he had raised on defendant's behalf lacked merit in light of subsequent caselaw. When given an opportunity to supplement his petition with respect to those issues, defendant did not indicate a desire to continue to pursue any such claim. Accordingly, the Court deems those claims abandoned. The Court thus proceeds to address the other four grounds raised by defendant in his original petition.

### A. *Ineffective Assistance – Aiding-and-Abetting Instruction*

In his first claim for relief, defendant argues that his trial counsel and appellate counsel were ineffective in failing to object or raise an issue concerning the jury instruction in this case for aiding and abetting. Defendant appears to argue that that instruction should have been limited to apply only to Counts I and V, as only those counts included a charge under the aiding-and-abetting statute. The Court rejects this argument.

Defendant's trial counsel *did* object to the instruction on this basis at trial, in opposition to the Government's argument that the instruction should not be limited only to Counts I and V. The Court overruled the objection by defendant's counsel and declined to limit the scope of the instruction. That ruling comports with the governing law, as the Tenth Circuit has previously rejected this same argument. For instance, in *United States v. Lewis*, 594 F.3d 1270 (10th Cir. 2010), the court stated that "[t]his circuit's law is settled that the trial court can give an aiding-and-abetting instruction, and the jury can convict on that theory, even if the indictment does not allege aiding and abetting." *See id.* at 1286 (citation omitted).

Thus, trial counsel was not ineffective, as he did object on this basis; and in light of this statement of the law by the Tenth Circuit, appellate counsel did not act unreasonably in failing to raise this issue. Nor can plaintiff have suffered any prejudice, as the argument lacks merit under the governing law. Defendant has not argued that the instruction given at trial (which was taken from the Tenth Circuit's pattern instruction) was otherwise improper. Accordingly, the Court denies this claim for relief.

### B. *Ineffective Assistance – Lack of Warrant for Cell Records*

In his second claim for relief, defendant argues that trial counsel and appellate counsel were ineffective in failing to argue that the Government obtained certain cell tower evidence without a warrant in violation of the Fourth Amendment. Defendant relies on *Carpenter v. United States*, 138 S. Ct. 2206 (2018), in which the Supreme Court held that the Fourth Amendment prohibits the Government from obtaining historical cell-site location information from wireless carriers without a warrant supported by probable cause. *See id.* According to defendant's petition, trial counsel told defendant that the argument lacked merit; while appellate counsel told defendant that the issue had not been preserved for appeal, but that defendant could raise the issue in a collateral attack.

The Court concludes that counsel's performance was not constitutionally deficient with respect to this issue. A warrant is now required under *Carpenter*, but at the time of defendant's trial and appeal in 2012 and 2013, it was reasonable for counsel to believe that the argument would *not* prevail – for the same reasons cited by the Tenth Circuit when it rejected the argument in 2017, before *Carpenter* was decided by the Supreme Court. *See United States v. Thompson*, 866 F.3d 1149, 1152-60 (10th Cir. 2017), *vacated*, 138 S. Ct.

5

2706 (2018). In *Thompson*, the Tenth Circuit held that the issue was governed by *United States v. Miller*, 425 U.S. 435 (1976), and *Smith v. Maryland*, 442 U.S. 735 (1979), cases in which the Supreme Court applied the third-party doctrine in considering business records created by a third party. *See Thompson*, 866 F.3d at 1156-57. Based on those cases, the Tenth Circuit held that cell phone users do not have the requisite expectation of privacy because they voluntarily turn over their cell-site location information to their service providers, who then create records containing that information. *See id.* The Tenth Circuit thus agreed with the reasoning of the four other circuits that had ruled on the issue. *See id.*

Therefore, if the issue had been raised, the Government almost certainly would have prevailed, in the district court and on appeal, based on the state of the law as explained in *Thompson*. Moreover, because the law did not clearly require a warrant in 2012, when the Government obtained the records used in this case, the evidence would have been allowed under the good-faith exception to the exclusionary rule, even if the district court or the Tenth Circuit could have predicted the Supreme Court's holding in *Carpenter*. Finally, the Supreme Court has not made this change in the law retroactively applicable to collateral review. For these reasons, the Court concludes that counsel did not act unreasonably in failing to raise this issue, and defendant did not suffer prejudice from that failure. *See United States v. Zodhiates*, 901 F.3d 137, 143-44 (2d Cir. 2018) (in 2011, appellate precedent concerning the third-party doctrine allowed cell records to be obtained without a warrant, and records would not have been suppressed because of the good-faith exception), *cert. denied*, 139 S. Ct. 1273 (2019); *United States v. Jackson*, 781 F. App'x

6

188, 191 (4th Cir. 2019) (unpub. op.) (counsel did not have an obligation to anticipate *Carpenter*'s change in the law, and thus counsel's representation was not ineffective with respect to a potential motion to suppress). Accordingly, the Court denies this claim for relief.

### C. *Denial of Access to Trial Transcripts*

In his third claim, defendant states that counsel has denied him access to trial transcripts, and he therefore requests additional time in which to assert claims for relief. By this argument, defendant has not asserted any basis for relief under Section 2255 from one of his convictions or any aspect of his sentence. Moreover, the Court cannot address a request for an extension in the abstract – if defendant decides that he has a specific claim for relief under Section 2255 and wishes to assert it, his request for tolling the statutory deadline may be addressed at that time.

Defendant has not alluded to this issue since he first raised it in 2015, and thus he has not maintained any complaint about a lack of access to trial records. Like any member of the public, defendant is free to obtain records from the Clerk of the Court. To the extent that defendant is seeking to obtain records without paying the usual fee, that request is denied, as defendant has not shown that he needs the transcripts to support a specific non-frivolous claim for relief under Section 2255. *See United States v. Suarez*, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007) (Lungstrum, J.). The Court therefore denies this claim by defendant.

### D. *Ineffective Assistance – Failure to Submit Prior Conviction Element*

In his fourth claim, defendant argues that his appellate counsel was ineffective in failing to argue that the issue of his prior convictions for purposes of his sentencing for violations of 18 U.S.C. § 924 should have been submitted to the jury. The Court denies this claim. Appellate counsel *did* raise this issue on appeal, and the Tenth Circuit rejected the argument. *See Shaw*, 758 F.3d at 1197. According to defendant's petition, the sentencing issue was also raised in the petition for certiorari that the Supreme Court denied.

### III. <u>Successive Petition for Relief Under Section 2255</u>

Defendant was granted leave to supplement his petition's claim under *Johnson*, specifically to address that claim in light of the Tenth Circuit's ruling in *Ash*. Defendant did not file any additional argument on issues relating to those cases, however. Instead, on October 8, 2019, defendant filed a new "motion" under Section 2255, by which he has asserted a new clam for relief. Defendant now claims that the Court should vacate his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant relies on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which the Supreme Court held that to prove that violation, the Government must prove that the defendant knew that he belonged to the relevant category of persons prohibited from possessing a firearm. *See id.* Defendant argues that he did not have the relevant knowledge in this case.

The Court lacks jurisdiction to consider the new claim asserted in defendant's second petition under Section 2255, as such a petition must first be certified by the Tenth Circuit pursuant to Section 2244. *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249,

1251 (10th Cir. 2008). The Court must dismiss the petition for lack of jurisdiction or transfer the petition to the Tenth Circuit in the interest of justice. *See Cline*, 531 F.3d 1252. Transfer would not serve the interest of justice here, however, because the Tenth Circuit would only certify this successive petition if it were based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). As this Court has recently discussed, *Rehaif* "does not announce a new rule of constitutional law that applies retroactively to cases on collateral review." *See Jackson v. Hudson*, 2020 WL 869404, at *2 (D. Kan. Feb. 21, 2020) (Lungstrum, J.) (citing cases). Accordingly, transfer would be futile, and the Court therefore dismisses defendant's successive petition under Section 2255 for lack of jurisdiction.

### IV. Motion for Appointment of Counsel

Finally, the Court denies defendant's latest motion for appointment of counsel. As the Court previously noted, there is no constitutional right to counsel beyond the direct appeal from the district court, and thus this matter is left to the court's discretion. *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Appointment of counsel would not help defendant on his claim under *Rehaif*, as the Court lacks jurisdiction to consider that claim.

### V. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant is not entitled to relief, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 85) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's successive petition for relief under Section 2255 (Doc. # 124) is hereby **dismissed for lack of jurisdiction**.

IT IS FURTHER ORDERED THAT defendant's motion for appointment of counsel (Doc. # 125) is hereby **denied**.

---

[4] [1]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 13th day of March, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum<br>John W. Lungstrum<br>United States District Judge