IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-20044-JWL |
| ) | |
| CHARLES E. SHAW, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

In November 2012, a jury convicted defendant of robbing a bank and two credit unions, attempting to commit another robbery, and committing four related firearms offenses. In February 2013, defendant was sentenced to a term of imprisonment of 1,140 months, consisting of five concurrent sentences of 240 months and three consecutive 25-year terms.[1] The convictions and sentence were affirmed on appeal, and on November 10, 2014, the Supreme Court denied defendant's certiorari petition. *See United States v. Shaw*, 758 F.3d 1187 (10th Cir.), *cert. denied*, 574 U.S. 1002 (2014). Defendant is presently incarcerated at USP Lee and his anticipated release date is March 2, 2093.

---

[1] Defendant's crimes of conviction coupled with his criminal history qualified him as a Career Offender under U.S.S.G. § 4B1.1 and an Armed Career Criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(c). Moreover, the court sentenced defendant to the statutory mandatory minimum sentence of 25 years on each of the three § 924(c)(1) counts after determining that defendant's convictions on those counts were second or subsequent convictions of § 924(c)(1).

This matter is now before the court on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 138).  That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.*  The government concedes that defendant has exhausted his administrative remedies such that the court has jurisdiction to consider the motion on its merits.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion.  *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from § 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)(A).  To address this statutory provision, the Sentencing Commission promulgated the policy statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community.  *See id.*  In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may

exist.  *See id*. applic. note 1.  In this case, the court looks to subdivision (D), known as the

"catchall" provision, which provides as follows:

> **(D)  Other Reasons**. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id*.  Subdivision (D) thus provides that circumstances other than those listed in

subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the

Bureau of Prisons (BOP).  The BOP has made no such determination in this case.

Nevertheless, as this court has previously determined, in accordance with the weight of

authority, the court is not limited to circumstances (A) through (C), and it may exercise its

own discretion to determine whether other extraordinary and compelling reasons warrant

relief under the statute.  *See Jackson*, 2020 WL 2812764, at *3.

Defendant argues that extraordinary and compelling reasons for immediate release

from prison exist because his medical conditions (chronic liver disease; high blood

pressure; and chronic renal insufficiency) create an increased risk of serious harm or death

from the ongoing coronavirus pandemic.[2]  The government concedes that defendant's

---

[2] Before the Office of the Federal Public Defender entered an appearance on behalf of defendant and filed a motion for compassionate release, defendant filed a pro se motion for compassionate release (doc. 130) that contained additional arguments not advanced by the Federal Public Defender.  These arguments include that compassionate release is warranted because his sentence is much longer than the sentence he would have received if the present law concerning "stacking" of offenses under 18 U.S.C. § 924(c) had been in effect at the time of his sentencing; that he has been rehabilitated in BOP custody such that he is not a danger to society; and that his lengthy sentence was a "penalty" because he exercised his right to proceed to trial instead of accepting a plea agreement.  This court has previously held that it could not grant a defendant relief under § 3582(c)(1)(A) based Continued…

medical conditions constitute extraordinary and compelling reasons sufficient for this court to consider early release under the statute.[3]   Nonetheless, the government opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of defendant's offenses and the need to provide just punishment for those offenses.   Thus, the sole question before the court to the extent defendant seeks compassionate release in light of his medical conditions is whether the § 3553(a) factors outweigh the risks to defendant's health if he remains incarcerated.

The court concludes in its discretion, for the reasons set forth below, that the risk to defendant's health if he remains in custody is outweighed by the need for continued incarceration under the circumstances presented here.   In other words, the court finds that compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction).   The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide

---

on the disparity between his sentence and the sentence he would have received if given the benefit of the FSA's change to the § 924(c) stacking provisions. *See United States v. Rucker*, 2020 WL 4365544, at *3-4 (D. Kan. July 30, 2020). *Rucker*, then, precludes relief with respect to defendant's § 924(c) stacking argument.   Defendant's remaining arguments simply do not constitute "extraordinary and compelling" reasons for early release.

[3] In light of this concession, the court need not address defendant's additional arguments that his age, race and the conditions at USP Lee further increase his risk of serious harm or death with respect to COVID-19.   But the court has considered these additional arguments in connection with assessing whether the § 3553(a) factors outweigh the aggregate risks to defendant if he remains incarcerated.

just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)).

Applying those factors here, the court declines to reduce defendant's sentence. To begin, the court notes that numerous firearms were associated with defendant's robberies and his convictions include two counts of brandishing a firearm during a crime of violence. These are serious offenses and the time that he has served thus far does not come close to serving the purposes of sentencing. Indeed, he has served approximately 10 percent of his very significant sentence.[4] To release defendant at this point, even with his suggestion that he serve 5 years of home confinement as a condition of supervised release, would constitute an unjustified windfall. This is particularly true where defendant's criminal history is lengthy—beginning with an armed robbery in 1983 at the age of 25—and reflects a pattern of committing serious crimes shortly after release from custody. After his 1983 offense, defendant committed armed robbery again in 1991, the year after he was released on parole for the 1983 armed robbery; he committed additional robberies in 2000 just months after beginning a term of supervised release in connection with the 1991 offense. The armed

---

[4] Congress amended § 924(c) to provide that the 25-year consecutive term for a successive § 924(c) offense does not apply unless a defendant had a previous, final conviction for a § 924(c) charge at the time of the offense. *See* 18 U.S.C. § 924(c)(1)(C)(i). Because defendant had a final § 924(c) conviction (the 1991 conviction) at the time he committed his subsequent § 924(c) offenses, he would still be subject to a consecutive 25-year sentence if sentenced today. Thus, even considering his sentencing disparity argument, defendant would still face at least a 540-month sentence (240 months plus a consecutive 25-year sentence) if sentenced today.

robberies in this case were committed shortly after his release from custody on the 2000 robberies.  In light of these circumstance, the court cannot conclude that defendant is a proper candidate for compassionate release.

In short, the court finds that defendant's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing.  *United States v. Richardson*, 2020 WL 6710808, at *4 (D.S.C. Nov. 16, 2020) (denying motion for compassionate release despite fact that defendant had served substantial portion of sentence and was within 3 years of release where defendant committed armed robberies, while brandishing firearms, after having been convicted and incarcerated for multiple serious prior offenses); *United States v. Granderson*, 6702024, at *3 (D. Nev. Nov. 13, 2020) (denying motion for compassionate release in light of defendant's serious criminal history, including multiple instances of armed robbery); *United States v. Corn*, 2020 WL 6566464, at *2 (M.D. Fla. Nov. 9, 2020) (denying motion for compassionate release where defendant had "egregious criminal history" of committing armed robberies); *United States v. Harden*, 2020 WL 4499993, at *3 (D. Colo Aug. 5, 2020) (denying motion for compassionate release where § 3553(a) factors outweighed risk to defendant; defendant's sentence arose out of two armed bank robberies during which he brandished a firearm, he had served substantially less than half his sentence and "such a relatively brief period of imprisonment would be insufficient to accomplish the goals of sentencing as set forth in § 3553(a); most significantly, it would fail to reflect the seriousness of the offense").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motions

for compassionate release (docs. #130, 138) are hereby **denied**.

**IT IS SO ORDERED.**

Dated this 23rd  day of November, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

7