IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                    Case No. 12-20044-JWL

**Charles E. Shaw,**

      **Defendant.**

## MEMORANDUM AND ORDER

In November 2012, a jury convicted defendant of robbing a bank and two credit unions, attempting to commit another robbery, and committing four related firearms offenses. In February 2013, the judge assigned to this case at that time sentenced defendant to a term of imprisonment of 1,140 months, consisting of five concurrent sentences of 240 months and three consecutive 25-year terms.[1] The convictions and sentence were affirmed on appeal, and on November 10, 2014, the Supreme Court denied defendant's certiorari petition. *See United States v. Shaw*, 758 F.3d 1187 (10th Cir.), *cert. denied*, 574 U.S. 1002 (2014). Defendant is presently incarcerated at USP Terre Haute and his anticipated release date is March 2, 2093.

In July 2020, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In support of that motion, defendant argued that compassionate release was warranted because his sentence is much longer than the sentence he would have received if the present law concerning "stacking" of offenses under 18 U.S.C. § 924(c) had been in effect at the

---

[1] At sentencing, the district court therefore imposed the statutory mandatory minimum sentence of 25 years on each of the three counts after determining that Defendant's convictions on those counts were second or subsequent convictions of § 924(c)(1). (Defendant had been convicted in 1991 of violating § 924(c)(1).) D

time of his sentencing; that he has been rehabilitated in BOP custody such that he is not a danger to society; and that his lengthy sentence was a "penalty" because he exercised his right to proceed to trial instead of accepting a plea agreement. Thereafter, the federal public defender entered an appearance and filed a supplemental motion relating solely to concerns about COVID-19 in light of defendant's health conditions.

In November 2023, the court denied the motion. In doing so, the court noted that it had previously held in *United States v. Rucker*, 2020 WL 4365544, at *3-4 (D. Kan. July 30, 2020), that it could not grant a defendant relief under § 3582(c)(1)(A) based on any disparity between the defendant's sentence and the sentence he would have received if given the benefit of the FSA's change to the § 924(c) stacking provisions. The court, then, stated that its *Rucker* decision precluded relief on defendant's § 924(c) argument. The court further held that the defendant's arguments about the trial penalty and rehabilitation did not constitute "extraordinary and compelling" reasons for early release under Tenth Circuit precedent at the time. And while the government conceded that defendant's health conditions in light of the COVID-19 pandemic constituted extraordinary and compelling reasons sufficient for the court to consider compassionate release, the court agreed that any reduction would materially depart from an appropriate § 3553(a) sentence in that circumstance.

This matter is now before the court on defendant's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 142) and his motion to appoint counsel (doc. 143). In his motion, defendant seeks immediate release and/or a sentence reduction based on a combination of factors—his age; his deteriorating health; the continued threat of COVID-19 in his facility; the amendment to § 924(c)'s penalty provisions; and his rehabilitation. In response, the government

asserts that the motion must be construed as an untimely motion to reconsider the court's order denying defendant's first § 3582(c)(1)(A) motion. The court rejects this argument. Defendant's initial motion was filed nearly three years ago. In this motion, defendant not only raises new issues to be considered in combination with arguments he previously asserted, but he does so against a legal backdrop that has changed significantly since the filing of his first motion in terms of how the Tenth Circuit approaches such motions and, more specifically, what types of evidence and arguments district courts may consider in resolving those motions. Specifically, since the filing of defendant's first motion, the Circuit decided *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). In those cases, the Circuit set forth a framework for district courts to utilize in connection with resolving § 3582(c)(1)(A) motions. The Circuit also held that no policy statement issued by the Sentencing Commission existed to constrain a district court's evaluation of extraordinary and compelling reasons. *See Maumau*, 993 F.2d at 836. Finally, the Circuit held that a district court faced with a motion for sentence reduction under § 3582(c)(1)(A) could consider a sentence disparity resulting from changes in sentencing laws in combination with other circumstances particular to the defendant. In fact, based on those decisions, the Circuit granted the *Rucker* parties' joint motion to vacate and this court, on remand, granted Mr. Rucker's motion for sentence reduction. *See United States v. Rucker*, 2021 WL 4061615, at *1 (D. Kan. Sept. 7, 2021).

For these reasons, the court directs the government to file a supplemental response to defendant's motion on or before Friday, July 7, 2023. Defendant may file any reply to that response on or before Friday, August 4, 2023.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government shall file a supplemental response to defendant's motion on or before **Friday, July 7, 2023**.  Defendant may file any reply to that response on or before **Friday, August 4, 2023**.  Defendant's motions (docs. 142,143) remain under advisement.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2023, at Kansas City, Kansas.

                                                s/John W. Lungstrum
                                          HON. JOHN W. LUNGSTRUM
                                          United States District Judge