## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

**Plaintiff,**

**v.**                                                      **Case No. 12-20044-JWL**

**Charles E. Shaw,**

**Defendant.**

### MEMORANDUM AND ORDER

In November 2012, a jury convicted defendant of robbing a bank and two credit unions, attempting to commit another robbery, and committing four related firearms offenses. In February 2013, the judge assigned to this case at the time sentenced defendant to a term of imprisonment of 1,140 months, consisting of five concurrent sentences of 240 months and three consecutive 25-year terms.[1]  The convictions and sentence were affirmed on appeal and, on November 10, 2014, the Supreme Court denied defendant's certiorari petition. *See United States v. Shaw*, 758 F.3d 1187 (10th Cir.), *cert. denied*, 574 U.S. 1002 (2014).  Defendant is presently incarcerated at USP Terre Haute and his anticipated release date is March 2, 2093.

In July 2020, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  In support of that motion, defendant argued that compassionate release was warranted because his sentence is much longer than the sentence he would have received if the

---

[1] Because defendant had been convicted in 1991 of violating § 924(c)(1), the judge in this case imposed the statutory mandatory minimum sentence of 25 years on each of the three subsequent § 924(c)(1) counts.

present law concerning "stacking" of offenses under 18 U.S.C. § 924(c) had been in effect at the time of his sentencing; that he has been rehabilitated in BOP custody such that he is not a danger to society; and that his lengthy sentence was a "penalty" because he exercised his right to proceed to trial instead of accepting a plea agreement. Thereafter, the federal public defender entered an appearance and filed a supplemental motion relating solely to concerns about COVID-19 in light of defendant's health conditions.  In November 2020, the court denied the motion.

This matter is now before the court on defendant's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 142) and his motion to appoint counsel (doc. 143).[2]  The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps.  *Id*.  As will be explained, defendant has not come forward

---

[2] In its initial response to the motion for a sentence reduction, the government argued only that the motion was an untimely motion to reconsider the court's order denying the first motion for a sentence reduction.  The court issued a brief order rejecting that argument and directed the government to file a supplemental response addressing the merits of defendant's second motion for a sentence reduction.

with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. And even if defendant had established such reasons, the court would nonetheless deny the motion because a reduction at this time would be inconsistent with the applicable § 3553(a) factors.

In his motion, defendant seeks immediate release based on a combination of factors—his susceptibility to COVID-19 in light of his age, his race and his health; the amendment to § 924(c)'s penalty provisions; and his rehabilitation. The primary focus of defendant's motion is his argument that he is particularly susceptible to a severe case of COVID-19 because of his race (African-American), his age (66), and his health, including hypertension, chronic liver dysfunction and renal insufficiency. The court rejects this argument and concludes that defendant has not demonstrated extraordinary and compelling reasons to justify compassionate release on this record. Significantly, defendant has not shown that he has ever received a COVID-19 vaccine and the government's evidence suggests that he has refused all available vaccines against COVID-19. While he asserts in this motion that available vaccines are "outdated and ineffective" against newer variants of the virus, it is beyond dispute that current vaccines offer significant protection against severe illness, hospitalization and death from the virus. *See United States v. McKinney*, 2023 WL 5608463, at *4 (10th Cir. Aug. 30, 2023) (district court appropriately found on the record before it that defendant's susceptibility to COVID-19 was not extraordinary and compelling where defendant had refused a vaccine, available vaccines still provided some protection against newer variants, and defendant had already survived two bouts of COVID-19).

Moreover, the medical records submitted by the government do not suggest that defendant's health conditions are sufficiently severe to warrant early release and defendant does not even argue that those conditions are sufficiently severe. He does not suggest that the BOP is

not adequately managing his conditions.  And while he asserts in his motion that he is suffering from symptoms of "long Covid," there is no evidence that defendant has ever had a Covid infection, let alone ongoing symptoms from a prior infection.  In short, the record before the court simply does not support the idea that defendant's health is so poor as to warrant his release from custody.

The court turns, then, to defendant's argument that his sentence is disproportionately severe in light of changes to the stacking provisions of § 924(c).  The First Step Act of 2018 amended 18 U.S.C. § 924(c) to eliminate the "stacking" of § 924(c) sentences by requiring that the 25-year mandatory-minimum sentence that applies for a second or successive § 924(c) conviction applies only "when a prior § 924(c) conviction arises from a separate case" and already "has become final." First Step Act § 403(a), 132 Stat. at 5222.  But because defendant had a final § 924(c) conviction arising from a separate case at the time he committed his subsequent § 924(c) offenses, he would still be subject to at least a 540-month sentence (240 months plus a consecutive 25-year sentence) if sentenced today.  At this juncture, then, defendant has not served a disproportionately severe sentence.

This leaves only defendant's argument that his rehabilitation while incarcerated warrants his early release.  But rehabilitation alone is not an extraordinary and compelling reason for relief.  *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction under § 3583(c)(1)(A)]."); *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).  The court, then, rejects defendant's arguments that extraordinary and compelling reasons justify his immediate release from custody.

The court further concludes that even if defendant had established extraordinary and compelling reasons for a sentence reduction based on his health, compassionate release would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction). The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)).

As the court held in connection with defendant's initial § 3582(c)(1)(A) motion for a sentence reduction, an application of the § 3553(a) factors counsels against any reduction at this juncture. Numerous firearms were associated with defendant's robberies and his convictions include two counts of brandishing a firearm during a crime of violence. These are serious offenses and the time that he has served thus far—just over 10 years—does not come close to serving the purposes of sentencing. To release defendant at this point would constitute an unjustified windfall. This is particularly true where defendant's criminal history is lengthy—beginning with an armed robbery in 1983 at the age of 25—and reflects a pattern of committing serious crimes shortly after release from custody. After his 1983 offense, defendant committed armed robbery again in 1991, the year after he was released on parole for the 1983 armed robbery; he committed additional robberies in 2000 just months after beginning a term of supervised release in connection with the 1991 offense. The armed robberies in this case were committed shortly after his release

5

from custody on the 2000 robberies. In light of these circumstance, the court cannot conclude that defendant is a proper candidate for compassionate release.

Lastly, the court denies defendant's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And here, defendant's pro se motion for sentence reduction reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward. In addition, this District has implemented a standing order which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On May 17, 2023, the Federal Public Defender notified the court that it had reviewed defendan''s motion and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 142) and his motion to appoint counsel (doc. 143) are denied.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2023, at Kansas City, Kansas.

_____s/John W. Lungstrum_____
HON. JOHN W. LUNGSTRUM
United States District Judge